# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOEL SMITH,<br><br>           Plaintiff,<br><br>     v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of the Social Security Administration,<br><br>           Defendant. | CASE NO. 2:16-cv-01644 JRC<br><br>ORDER ON PLAINTIFF'S COMPLAINT |

     This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13 (*see also* Notice of Initial Assignment to a U.S. Magistrate Judge and Consent Form, Dkt. 5; Consent to Proceed Before a United States Magistrate Judge, Dkt. 8). This matter has been fully briefed. *See* Dkts. 17, 21, 22.

     After considering and reviewing the record, the Court concludes that the Social Security Administration ("SSA" or "Agency") erred by failing to follow the Court's prior

Order to obtain further review of plaintiff's records by internal medical experts. As a result, the record is incomplete, and the Court cannot determine whether the ALJ's decision at Step Three is supported by substantial evidence. In addition, the ALJ failed to fully analyze and develop the record regarding (1) whether plaintiff's IQ score supports subaverage intellectual functioning prior to the age of 22; or (2) whether the record supports a finding that plaintiff had deficits in adaptive functioning initially manifested before the age of 22.

Because this error is not harmless, this matter should be reversed pursuant to sentence four of 42 U.S.C. § 405(g) and remanded to the Acting Commissioner for further consideration consistent with this Order.

BACKGROUND

Plaintiff, JOEL SMITH, was born in 1956 and was 49 years old on the alleged date of disability onset of January 1, 2005. *See* AR. 207-08, 209-14. Plaintiff quit school in the seventh or tenth grade and later started training for welding with Jobs Corp, but did not finish. AR. 553-54. Plaintiff has some experience packing auto parts and doing landscaping and janitorial work. AR 556-58.

According to the ALJ, as of the latest hearing, plaintiff has at least the severe impairments of "cervical and lumbar spine degenerative disc disease, hepatitis, major depressive disorder versus mood disorder not otherwise specified (NOS) versus alcohol induced mood disorder, anxiety versus posttraumatic stress disorder (PTSD), borderline intellectual functioning, and alcohol abuse (20 CFR 416.920(c))." AR. 521.

At the time of the hearing, plaintiff was living in an apartment. AR. 555-56.

## PROCEDURAL HISTORY

Plaintiff's applications for disability insurance benefits ("DIB") pursuant to 42 U.S.C. § 423 (Title II) and Supplemental Security Income ("SSI") benefits pursuant to 42 U.S.C. § 1382(a) (Title XVI) of the Social Security Act were denied initially and following reconsideration. *See* AR. 82, 83, 98, 99. Plaintiff's first hearing (AR. 34-73) resulted in a decision that he was not disabled (AR. 9-33). Plaintiff appealed and the Court remanded for further administrative proceedings (AR. 631-43). Plaintiff's second hearing was again held before Administrative Law Judge Larry Kennedy ("the ALJ") on June 1, 2015. *See* AR. 544-93. On June 17, 2016, the ALJ issued a written decision in which the ALJ concluded that plaintiff was not disabled pursuant to the Social Security Act. AR. 515-43.

In plaintiff's Opening Brief, plaintiff raises the following issues: (1) While the ALJ found that plaintiff has an IQ of 70 and additional severe impairments, two key elements of Listing 12.05(C), he failed to correctly analyze plaintiff's deficits of adaptive functioning that manifested before the age of 22; (2) The recent change in Listing 12.00 has no bearing here; and (3) Remand for a finding of disability and calculation of benefits is appropriate here. *See* Dkt. 17, p. 2.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d

1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

DISCUSSION

**(1) Whether the ALJ properly determined that plaintiff does not meet a Listing.**

Plaintiff asks the Court to determine that he is disabled at Step Three, finding that he meets Listing 12.05(c). *See* Dkt. 17, pp. 6-12. At Step Three, the ALJ considers whether one or more of the claimant's impairments meets or equals an impairment listed in Appendix 1 to Subpart P of the regulations.[1] 20 C.F.R. § 404.1520(a)(4)(iii). Each listing sets forth the "symptoms, signs, and laboratory findings" which must be established in order for a claimant's impairment to meet the listing. *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999). If a claimant meets or equals a listing, the claimant is considered disabled without further inquiry. *See* 20 C.F.R. § 416.920(d). To meet Listing 12.05(C), a claimant must demonstrate "(1) subaverage intellectual functioning with deficits in adaptive functioning initially manifested before age 22; (2) an IQ score of 60 to 70; and (3) a physical or other mental impairment causing an additional and significant work-related limitation." *Kennedy v. Colvin*, 738 F.3d 1172, 1176 (9th Cir. 2013).

---

[1] In recent revisions to the listings for mental disorders, effective January 17, 2017, SSA removed paragraph C from Listing 12.05. *See Revised Medical Criteria for Evaluating Mental Disorders*, 81 Fed. Reg. 66138 (Sept. 26, 2016). However, as the parties agree, the Court applies the version of Listing 12.05 in effect at the time of the ALJ's decision. *See id.* at *66138 & n.1 ("We expect that Federal courts will review our final decisions using the rules that were in effect at the time we issued the decisions.").

For the ALJ's decision to be affirmed at Step Three, the findings must be supported by substantial evidence. *See Tackett*, 180 F.3d at 1099. The burden of proof is on the claimant to establish a listed impairment is met or medically equaled. *See id.* at 1098. "A generalized assertion of functional problems," however, "is not enough to establish disability at step three." *Id.* at 1100 (citing 20 C.F.R. § 404.1526).

Here, at Step Three, the ALJ determined that plaintiff does not meet the requirements to satisfy Listing 12.05(c). *See* AR. 524-25. The ALJ "assumed" that plaintiff's IQ score of 70 was valid to satisfy the IQ score requirement for Listing 12.05(c). AR. 524. The ALJ also determined that the record establishes other severe impairments to satisfy the requirement of Listing 12.05(c) that a claimant must have an additional severe or mental impairment that causes work-related limitations. AR. 524-25. However, although the ALJ accepted that the "claimant has a limited education and ongoing difficulty with learning, reading, writing, and spelling," the ALJ determined that "the evidence does not establish that the claimant has deficits in adaptive functioning" to satisfy the final element of Listing 12.05(c). AR. 525. To support this finding, the ALJ noted that plaintiff testified inconsistently that he completed either the seventh or tenth grade. AR 525. The ALJ also noted that plaintiff can read "simple things" such as "bus schedules, street signs, and product labels at the store." AR. 525. The ALJ determined that plaintiff's "work history, including at substantial gainful levels at times, coupled with his documented daily activities set forth above, weigh against a finding of listing level adaptive deficits under section 12.05C." AR. 525.

Plaintiff argues—and defendant does not dispute—that the ALJ found that plaintiff's IQ score meets the Listing 12.05(C) requirement. Dkts. 17, p. 7-8; 21. Furthermore, neither party disputes that the ALJ found that plaintiff suffered from additional severe impairments at Step Two, which satisfied an additional element of the Listing 12.05(C) requirement. *See*, *e.g.*, *Campbell v. Astrue*, 2011 WL 444783, *18 (E.D. Cal. Feb. 8, 2011) (collecting cases supporting the finding of a severe impairment at step two is a *per se* finding of an impairment imposing additional and significant work-related limitations). The Court agrees that the record reflects that plaintiff satisfies two elements of Listing 12.05(C): (1) an IQ score of 70 (AR. 408-09); and (2) additional severe impairments causing work-related limitations (AR. 521).

However, the parties dispute whether the ALJ properly determined that plaintiff does not have subaverage intellectual functioning with deficits in adaptive functioning initially manifested before age 22 to meet the final element of Listing 12.05(C). Plaintiff argues that his post-development IQ score can "support an inference that subaverage functioning began during the development period." Dkt. 17, pp. 9-10 (citing *Hernandez v. Astrue*, 380 F. App'x 699, 700 (9th Cir. 2010); *Cauffman v. Astrue*, No. C10-281-JCC-JPD, 2010 WL 5464815, at *7 (W.D. Wash. Nov. 12, 2010), *report and recommendation adopted*, No. C10-281-JCC, 2010 WL 5464800 (W.D. Wash. Dec. 30, 2010)). Plaintiff also argues that the record contains evidence of deficits in adaptive functioning before the age of 22, including that he: (1) never completed high school; (2) has no GED; (3) can read simple words but is "virtually illiterate"; (4) does not write; (5) constantly was in trouble and fought as a child; (6) dropped out of Job Corps at 16; and (7) was convicted

of manslaughter at the age of 18. Dkt. 17, pp. 10-11. Plaintiff also asserts that the ALJ improperly relied upon adult activities to determine that he did not have deficits prior to the age of 22. Dkt. 17, pp. 11-12.

Defendant argues that the ALJ properly determined that plaintiff did not demonstrate the requisite subaverage intellectual functioning with deficits in adaptive functioning. Dkt. 21, pp. 3-6. Defendant suggests that plaintiff's work history is evidence that he never had the requisite deficits prior to the age of 22. Dkt. 21, p. 4. Moreover, defendant asserts that the Court should not find that plaintiff's IQ score creates a presumption of disability because (1) "the requirement to show deficits in adaptive functioning is a requirement distinct from … the IQ score requirements" (citing *Wood v. Berryhill*, 692 F. App'x 816, 817 (9th Cir. 2017)); and (2) plaintiff's formal testing took place 32 years after the developmental period, during which time plaintiff has a long history of drug and alcohol abuse, and the "Court should not presume that the intellectual testing accurately reflected his functioning during the developmental years." Dkt. 21, pp. 6-7.

The Court is troubled by the procedural posture of this case. As noted by plaintiff, this matter has already been remanded to the Agency. *See Smith v. Colvin*, 2:14-cv-00389-RSL. In March 2014, plaintiff filed an action in this Court, seeking review of the Agency's prior decision. *See Smith v. Colvin*, 2:14-cv-00389-RSL. In that case, plaintiff filed an opening brief on June 20, 2014, making almost identical arguments as here, including that the ALJ failed to properly consider whether plaintiff met the elements of Listing 12.05(C) to find that plaintiff was disabled at Step Three. *See Smith v. Colvin*,

2:14-cv-00389-RSL, Dkt. 15. Defendant never filed a responsive brief. Rather, the parties filed a stipulated motion to remand on July 18, 2014. *See Smith v. Colvin*, 2:14-cv-00389-RSL, Dkt. 16. On July 21, 2014, Judge James P. Donohue signed a Report & Recommendation adopting the stipulation of the parties and remanding the case "back to the Agency for further review by internal medical experts." *See Smith v. Colvin*, 2:14-cv-00389-RSL, Dkt. 17.

On December 4, 2014, the Appeals Council issued an order remanding the case to the ALJ. In its order, the Appeals Council noted that "[i]t is unclear from the record whether or not the IQ score of 70 was affected by current alcohol use or by the history of alcohol use, or whether the score was unaffected by the alcohol use. Further, the record is unclear whether there were adaptive functioning deficits during the developmental period." AR. 646. The Appeals Council then instructed the ALJ to obtain additional evidence. AR. 646-47. Although the record contains some office treatment notes between July and December 2014 (*see*, *e.g.*, AR. 889-929, 1051-57, 1071-182), the record does not reflect that the Agency conducted an internal medical review—as instructed by the Court—before remanding the matter to the ALJ for further consideration.

Moreover, the ALJ did not attempt to develop the record regarding whether plaintiff's IQ score was affected by his current or historical alcohol use, and thus did not properly determine whether plaintiff's IQ score was an adequate reflection of subaverage functioning prior to the age of 22 for purposes of satisfying Listing 12.05(C). *See* AR. 524-25. Instead, the ALJ noted that "[t]he record lacks sufficient evidence to make such

a determination. Hence, for purposes of this decision I will assume the score is valid."
AR. 524. Thus, in light of the Appeals Council's failure to follow the Court's prior
Order, and because the ALJ failed to further develop the record on this point, the Court
finds that the record before it is incomplete and inadequate to make a determination
regarding whether substantial evidence supports the ALJ's Step Three determination or
whether the ALJ properly considered plaintiff's subaverage intellectual functioning with
adaptive deficits prior to the age of 22 to satisfy Listing 12.05(C).

Plaintiff asserts that his IQ score of 70 creates a rebuttable presumption that he had
subaverage intellectual functioning with adaptive deficits prior to the age of 22 and thus
that he has satisfied all elements to meet Listing 12.05(C). *See* Dkt. 17, pp. 9-10.
Plaintiff is correct that "[e]vidence *from* the developmental period is not required in order
to establish that the impairment began before the end of the developmental period; rather,
the agency may use its judgment when current evidence allows it to infer when the
impairment began." *Hernandez*, 380 F. App'x at 700 (emphasis in original). Indeed,
evidence can suggest early onset of listing level adaptive functioning even if a claimant
was not tested until adulthood. *Id.* However, the record does not permit the Court to
make such a finding given plaintiff's history of alcohol and drug use, particularly in the
absence of testimony or a medical opinion that plaintiff's cognitive functioning has not
deteriorated over time in light of his substance abuse. *See Hernandez*, 380 F. App'x at
700 (finding that the record supported a finding that the plaintiff had subaverage
intellectual functioning prior to the age of 22 in part because a medical consultant
testified that there was no evidence that plaintiff's cognitive functioning had deteriorated

over time). In light of the ALJ's failure to further develop the record as to this point and the Appeals Council's failure to follow the Court's prior Order, the Court does not have adequate information to determine whether or not plaintiff's IQ score establishes subaverage intellectual functioning with listing level adaptive functioning prior to the age of 22. Thus, upon remand, the Agency shall obtain medical expert opinion regarding whether plaintiff's IQ score was affected by current or past alcohol or drug abuse and whether there is any evidence that plaintiff's cognitive functioning has deteriorated over time.

Furthermore, the ALJ failed to properly consider and evaluate whether plaintiff had adaptive functioning deficits which initially manifested prior to age 22. AR. 525. Although the ALJ discussed plaintiff's history of dropping out of school and the Job Corps as a teenager, as well as plaintiff's difficulty with learning, the ALJ also discussed plaintiff's work history after the age of 22 as well as his ability to "read simple things" as evidence that the record weighs against a finding of listing level adaptive deficits. AR. 525. However, the ALJ failed to explain how work and activities of daily living after the age of 22 weighs against a finding of adaptive deficits prior to the age of 22. The ALJ must "build an accurate and logical bridge from the evidence to her conclusions so that we may afford the claimant meaningful review of the SSA's ultimate findings." *Blakes v. Barnhart*, 331 F.3d 565, 569 (7th Cir. 2003). Thus, upon remand, the ALJ should reevaluate whether plaintiff meets or equals Listing 12.05(C), including whether plaintiff had listing level adaptive deficits prior to the age of 22. If the ALJ relies upon evidence

after the age of 22, the ALJ shall explain how that evidence supports an inference that plaintiff did not have listing level deficits prior to the age of 22.

The Court also concludes that the error in the evaluation of plaintiff's impairment at Step Three is not harmless. The Ninth Circuit has "recognized that harmless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (citing *Stout v. Commissioner*, *Social Security Administration*, 454 F.3d 1050, 1054 (9th Cir. 2006) (collecting cases)). Recently the Ninth Circuit reaffirmed the explanation in *Stout* that "ALJ errors in social security are harmless if they are 'inconsequential to the ultimate nondisability determination' and that 'a reviewing court cannot consider [an] error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination.'" *Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015) (citing *Stout*, 454 F.3d at 1055-56). In *Marsh,* even though "the district court gave persuasive reasons to determine harmlessness," the Ninth Circuit reversed and remanded for further administrative proceedings, noting that "the decision on disability rests with the ALJ and the Commissioner of the Social Security Administration in the first instance, not with a district court." *Id.* (citing 20 C.F.R. § 404.1527(d)(1)-(3)). Here, because the Agency failed to adequately develop the record as previously instructed by the Court and because further development of the record could render a finding that plaintiff is disabled at Step Three, the error affected the ultimate disability determination and is not harmless.

**(2) Whether remand for a finding of disability is appropriate here.**

Plaintiff also argues that remand for a finding of disability and for an award of benefits is appropriate here. Dkt. 17, pp. 13-14. The Court may remand this case "either for additional evidence and findings or to award benefits." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). Generally, when the SSA does not determine a claimant's application properly, "'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'" *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). However, the Ninth Circuit has put forth a "test for determining when [improperly rejected] evidence should be credited and an immediate award of benefits directed." *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000) (quoting *Smolen*, 80 F.3d at 1292). An award of benefits is appropriate when:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Harman*, 211 F.3d at 1178 (quoting *Smolen*, 80 F.3d at 1292).

Here, outstanding issues must be resolved, including development of the record to determine whether plaintiff's cognitive functioning has deteriorated over time and whether plaintiff manifested onset of his mental impairment before the age of 22. In addition, further development is necessary to determine whether plaintiff exhibited deficits in adaptive functioning prior to the age of 22. Accordingly, remand for further consideration is warranted in this matter.

## CONCLUSION

Based on these reasons and the relevant record, the Court **ORDERS** that this matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further consideration consistent with this order.

**JUDGMENT** should be for plaintiff and the case should be closed.

Dated this 25th day of October, 2017.

J. Richard Creatura
United States Magistrate Judge